UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLAY WHITEHEAD,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>PRESENCELEARNING, INC., et al.,<br><br>　　　　　　Defendants. | Case No. 23-cv-02247-YGR   (TSH)<br><br>**DISCOVERY ORDER**<br><br>Re: Dkt. No. 44 |

　　　　The parties have filed a joint discovery letter brief at ECF No. 44. The Court held a hearing on September 17, 2024 and now issues the following order.

**A.    Attorney-Client Privilege Issues**

　　**1.    Alleged Improper Claims of Attorney-Client Privilege**

　　　　Plaintiff challenges a number of claims of attorney client privilege. The challenges are listed in ECF No. 44-1. As clarified at the hearing, ECF No. 44-1 is not Defendants' privilege log. Rather, it is adapted from their first and second privilege logs, and for some documents was created by Plaintiff's counsel when a redaction was not contained in either log. The Court discussed with the parties what information was provided in Defendants' two privilege logs.

　　　　The basic problem here is that for the documents listed in ECF No. 44-1, Defendants have not provided a good privilege log. The information they have provided to date does not "describe the nature of the documents, communications, or tangible things not produced or disclosed . . . in a manner that . . . will enable other parties to assess the claim." Fed. R. Civ. Proc. 26(b)(5)(ii). For the documents listed in ECF No. 44-1, Defendants have not provided any information to indicate that any of the documents are privileged. For communications between non-attorneys, there is no statement they were conveying legal advice provided by counsel. For communications with non-

1   Presence employees, there is no assertion why the document is privileged – such as the email was
2   sent to a non-employee in their capacity as a Presence Board of Directors member, or if there is
3   some other reason Defendants claim the communication is privileged.  For every entry on a
4   privilege log, there should be a clear indication why the producing party thinks the document is
5   privileged.  The Court **ORDERS** Defendants to serve Plaintiff with a satisfactory privilege log for
6   every document listed in ECF No. 44-1 within 30 days.

### 2. Crime-Fraud Exception

Plaintiff also challenges some of the privilege claims under the crime-fraud exception.  The alleged fraud is the one set forth in the Complaint.  Plaintiff Clay Whitehead is the co-founder and former CEO of Defendant Presence.  He says that Defendant Brian Rich, the chair of Presence's Board of Directors, falsely represented to him that Whitehead's separation agreement had the same terms as Presence's separation agreement with Jack Lynch, the other co-founder.  In fact, they differed because Lynch's agreement gave him a 10-year extension to exercise his stock options, whereas Whitehead's only gave him a 2-year exercise period.  Whitehead alleges this misrepresentation ended up costing him $2.5 million.

Plaintiff has submitted evidence that Rich was working with Presence's counsel at Latham and Watkins on the specific subject of Whitehead's separation agreement in the time period leading up to and including when this representation was made.  One of the documents (ECF No. 49-1) makes clear that Latham saw Rich's representation to Whitehead that his separation agreement was based on Lynch's.  The documents indicate Latham's heavy involvement in the negotiation of this agreement.  Of course, the attorney-client communications are redacted, so the Court doesn't know what Rich discussed with Latham.  The Court therefore can't tell if Rich was planning a fraud when he sought the advice of counsel, or whether the attorney-client communications were made in furtherance of the fraud.  The only way the Court can answer those questions is by performing an *in camera* inspection of the attorney-client communications at issue. Accordingly, the Court **ORDERS** Defendants to submit the attorney-client communications between Rich and Latham concerning Whitehead's separation agreement (through the date the agreement was executed) to TSHpo@cand.uscourts.gov within 30 days.

**B.     Document Custodians**

During the September 17, 2024 hearing, the parties provided information concerning the status of document productions. The parties also discussed various proposals for how to proceed. The Court **ORDERS** Defendants to review Kate Walker's, Anthony Pane's, Lee Wilson's, Tory Patterson's and Cole Dudley's documents in the manner they agreed to during the September 17 hearing.

**IT IS SO ORDERED.**

Dated: September 17, 2024

THOMAS S. HIXSON
United States Magistrate Judge