UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLAY WHITEHEAD,<br>          Plaintiff,<br>    v.<br>PRESENCELEARNING, INC., et al.,<br>          Defendants. | Case No. 23-cv-02247-YGR   (TSH)<br><br>**DISCOVERY ORDER**<br>Re: Dkt. No. 64 |

The parties have a discovery dispute over the deposition of Brian Rich. ECF No. 64. The Court rules as follows.

**A.    Privilege Claims**

Plaintiff argues that Rich was improperly instructed not to answer at pages/lines 96:17-97:2, 98:3-11, 98:20-99:3, 130:15-131:5 and 132:9-23 of the rough transcript.

For 96:17-97:2. The question was "why" did the Board think something. The instruction was to not reveal the advice of counsel, and after receiving that instruction, the witness said he could not answer. This privilege instruction was proper because if the Board thought something because of the advice of counsel, explaining "why" the Board thought that would reveal the advice of counsel. The witness's answer appears to confirm that was the case. The Court does not agree with Plaintiff that any communication with counsel in this context could only have concerned business advice.

For 98:3-11, the question was asking what the Board told Latham, and that is an attorney-client communication.

For 98:20-99:3, the question was asking what the Board did or decided. That's not privileged.

For 130:15-131:5 and 132:9-23, the question was asking if the witness knew that what the company was offering the Plaintiff was different from what had been offered to Lynch. That's not privileged, and it doesn't matter if a lawyer was the source of that factual information because it's just factual information.

Accordingly, the Court **SUSTAINS** the privilege objections in 96:17-97:2 and 98:3-11 and **OVERRULES** the privilege objections in 98:20-99:3, 130:15-131:5, and 132:9-23.

B.      **Waiver Argument**

Plaintiff argues that Rich engaged in a subject matter waiver under Federal Rule of Evidence 502 when he repeated the content of an email he wrote and that was produced in discovery, which said in part: "Our lawyers have counseled us that there is no legal obligation to provide severance here and we have already gone further than necessary." DEF001804. The Court declines to find a waiver. "Courts have declined to find waiver where, like here, the disclosure was little more than 'undetailed conclusions about its investigation' and was not used in support of a legal claim." *Tesla, Inc. v. Guangzhi Cao*, No. 19-cv-1463-VC (KAW), ECF No. 122 (Jan. 19, 2021).

C.      **Further Deposition**

The Court **ORDERS** that Rich must be made available for an additional 45 minutes of deposition for questions and reasonable follow up questions concerning the privilege objections the Court has overruled.

**IT IS SO ORDERED.**

Dated: December 10, 2024

THOMAS S. HIXSON
United States Magistrate Judge